# COUNTY OF WASHINGTON.

——————o——————

## LUCIUS L. KEITH *versus* VASSAL D. PINKHAM.

Common carriers by stage are responsible for the safety of their passengers, where an injury occurs by their neglect, such passenger being in the exercise of ordinary care, and in no way contributing to the injury.

If an agent of a stage line requests a passenger to take an inside seat at his peril, this does not excuse the driver from the exercise of ordinary care.

Such passenger assumes only the peculiar risk of his exposed situation, but not those resulting from the negligence of the driver.

EXCEPTIONS were taken to the rulings of HATHAWAY, J., at *Nisi Prius.*

This is an action brought by the plaintiff to recover damages for injuries sustained by the overturning of a stagecoach, the defendant being a common carrier for passengers for hire.

There was evidence in the case tending to show that Nathaniel Crocker was agent of the defendant, and directed the loading of the coach on the night of the accident; that he, while so employed, requested the plaintiff to take an inside seat in the coach, there being one, but that he declined to do so, and remained upon the top of the coach, and that Crocker then informed him that if he continued in his seat outside, he must keep it at his own risk. There was also evidence tending to prove that said Crocker was in the employ of the defendant as a stage driver, on the route between Cherryfield and Bangor, but not on the route where the accident happened, that *Robert D.* Crocker was the stage agent, but had requested his brother Nathaniel to look after defendant's interest while he, Robert, was absent, and said Nathaniel happened to be at Machias on the night of the accident.

There was no evidence that plaintiff knew that Nathaniel was an agent or claimed to be an agent of the defendant; and there was evidence tending to prove that the plaintiff occupied the seat which he was directed to take by *Withee,* the *driver* of the stage-coach which was overturned.   There was evidence tending to show that Keith, the plaintiff, was acquainted with Nathaniel Crocker, and that the defendant had agreed to the employment of Nathaniel Crocker by his brother to act as his agent in the absence of R. D. Crocker. The defendant's counsel requested the presiding judge to instruct the jury that if Nathaniel Crocker, who claimed to be the agent of the defendant, requested the plaintiff to take an inside seat, there being a seat for him inside, and the plaintiff declined to take it, and the said Crocker informed him that if he remained in his seat he must do it at his own risk, that the plaintiff can recover no damages in this action.

But the judge declined giving the requested instruction.

There was also evidence in the case tending to prove that there was want of skill, and negligence in the treatment of the plaintiff's arm, and malpractice by the surgeon who had charge of the case, and of neglect on the part of the defendant in the care of his arm, which was broken, and for the breaking of which the principal damages were claimed.   But there was evidence the other way, and evidence tending to prove that the surgeon employed was a well educated physician in the regular practice of his profession; and was at the time of his employment in the case the family physician of the plaintiff.

The presiding judge instructed the jury that if their verdict should be for the plaintiff he would be entitled to re-recover damages for the actual injury occasioned by the defendant's negligence; and that in estimating the damages they should take into consideration the natural and ordinary consequences of the injury received by the plaintiff, such as the loss of time, his necessary expenses for medical aid and his pain and suffering, if any, occasioned by the injury, and also if they were satisfied by the evidence that the injury

received caused a permanent disability they should consider that also as an element in estimating damages, that it was the duty of the plaintiff to have used ordinary care in the employment of a suitable physician, and following his instructions and taking proper care of himself; and if he did so, if by any malpractice of the physician, which would render him liable to the plaintiff for damages, the injury was increased and rendered permanent, that the defendant would not be liable to the plaintiff for any such additional injury caused by such malpractice of the physician; but that the defendant would not be relieved from his liability for the whole damages sustained by reason of any mistake or error of judgment of the physician, unless the mistake or error was such as would enable the plaintiff to sustain an action against the physician for malpractice.

*J. A. Lowell*, counsel for the plaintiff.

*Bion Bradbury*, counsel for the defendant.

APPLETON, J. The plaintiff to entitle him to recover, was bound to satisfy the jury that the injury for which he seeks to recover compensation occurred without fault on his part, and through the neglect or want of ordinary care and prudence on the part of the defendant or his servants.

No exceptions have been taken to the instructions given, which relate to the relative duties and obligations of the plaintiff and the defendant. They may thus be assumed to be correct.

The plaintiff, it seems, was riding on the outside of the defendant's coach when the injury in question was sustained. The counsel for the defendant requested the presiding judge to instruct the jury, " that if Nathaniel Crocker, who claimed to be an agent of the defendant, requested the plaintiff to take an inside seat, there being a seat for him inside, and the plaintiff declined to take it, and the said Crocker informed him if he remained in his seat he must do it at his own risk, that the plaintiff can recover no damages in this action."

This requested instruction was declined, and, as we think, correctly. It may be true that the plaintiff, by riding outside, incurred the peculiar risks, if any there were, arising from his exposed situation. But that is all. He did not assume those resulting from the negligence of the defendant or those in his employ. He or they would not be exonerated from their duties, and if the plaintiff was injured through his or their neglect, he being in the exercise of ordinary and common care, in no way contributing to the injury by his position, he might well maintain this suit. The fact that the plaintiff took his position outside, was a circumstance proper for the consideration of the jury in determining whether his negligence contributed in any way to the production of the injury. But the requested instructions took from the jury all inquiries as to the defendant's negligence, and they were rightfully withheld.

The instructions as to damages were correct. If the defendant had desired them to be more explicit or definite in any aspect of the case, he should have made his requests to that end. Being correct so far as given, it is no cause of complaint that supposed instructions, but not requested, might have been given, which would have been correct.

*Exceptions overruled.*