CHARLES H. WEBSTER, Respondent, *v.* THE ROME, WATER-TOWN AND OGDENSBURGH RAILROAD COMPANY, Appellant.

The presence of a freight car in the night-time upon a railroad track in the way of an approaching train is, unexplained, evidence of gross negligence on the part of the railroad company.

The fact that the freight car was moved by the force of the wind from a side track upon the main track is not alone a sufficient explanation to relieve the company from the charge of negligence. It is its duty to so secure cars on a side track that no wind which may reasonably be anticipated will move them.

In an action to recover damages for personal injuries to plaintiff, a passenger on defendant's road, caused by a collision of the train with a freight car which had been moved by the wind from a side track onto the main track, defendant's evidence was to the effect that when the freight car was placed on the side track it was secured by setting the brakes. Plaintiff gave evidence tending to show that, if the brakes had been properly set, such a wind as there was prior to the collision would not have moved the car. *Held,* that the question as to whether the car was sufficiently secured was properly submitted to the jury.

Plaintiff took his seat in a passenger car where there was plenty of room; he afterwards went forward into the baggage car to smoke and was there at the time of the collision. The evidence tended to show that the baggage car was a safer place than the passenger car. Defendant claimed that plaintiff in going into the baggage car was guilty of such negligence as barred a recovery. *Held,* untenable; that if defendant's presence in that car, although unauthorized, in no way contributed to the injury, it furnished no defense, and that the question was properly submitted to the jury.

Reported below, 40 Hun, 161.

(Argued May 3, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order

made April 17, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligence.

On July 27, 1883, plaintiff was a passenger upon a train on defendant's road from Lewiston to Watertown. He took a seat in a passenger car, but desiring to smoke, and there being no smoking car on the train, he went forward into the baggage car. While there the train came into collision with a freight car on the track near a station on its road and plaintiff was injured.

The further material facts appear in the opinion.

*D. H. Chamberlain* for appellant. The burden of proving negligence, affirmatively and satisfactorily, rested upon the plaintiff. (*Claflin* v. *Meyer*, 75 N. Y. 260.)

*Theodore Bacon* for respondent. The question as to defendant's negligence was properly submitted to the jury. (*Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 298.) The mere happening of the accident in this case, under the evidence, warranted a recovery. (*Breen* v. *N. Y. C. & H. R. R. R. Co.*, 109 N. Y. 300.) It is a matter of right in the plaintiff to have the issue of negligence submitted to the jury, when it depends upon conflicting evidence, or on inferences to be drawn from circumstances in regard to which there is room for a difference of opinion among intelligent men. (*Payne* v. *T. & B. R. R. Co*, 83 N. Y. 572, 574.) The question as to whether, upon the facts summarized, the plaintiff was guilty of contributory negligence should have been, as it was, submitted to the jury. (*Hart* v. *H. R. B. Co.*, 80 N. Y. 622; *Weber* v. *N. Y. C. & H. R. R. R. Co.*, 58 id. 451; *Payne* v. *T. & B. R. R. Co.*, 83 id. 572; *Wolfkiel* v. *S. A. R. R. Co.*, 38 id. 49; *Goodrich* v. *P. & N. Y. C. R. R. Co.*, 29 Hun, 50; *Carroll* v. *N. Y. & N. H. R. R. Co.*, 1 Duer, 571; *Haley* v. *Earle*, 30 N. Y, 208.)

EARL, J.    The train upon which the plaintiff was a passenger came in collision with a box freight car which stood upon the railroad track, and in consequence thereof he was injured.    We think there was some evidence legitimately tending to establish the defendant's negligence.    There was the presence of the freight car in the night-time in the way of the approaching train, and that unexplained would be evidence of very gross negligence.    The explanation of the defendant is that the car was moved from a side track upon the main track by the force of the wind; and so undoubtedly it was.    But this explanation alone is not sufficient to shield the defendant from responsibility.    It is well known that the wind may move cars, and may move them from a side track upon the main track, and thus cause damage to trains there. Such danger is recognized in one of the rules of the defendant which requires the station agent, before leaving his station at night, to see "that all standing cars are out of the way and secured against the possibility of their being moved out of the side track."    It was the duty of the defendant to so secure the freight car upon the side track that no wind which might be reasonably anticipated would move it upon the main track. Did it discharge that duty?    That was the question for the jury.    It gave evidence showing that when the freight car was placed upon the side track the brakes thereon were set and that thus it was secured.    The plaintiff gave evidence tending to show that if the brakes upon the car had been properly and thoroughly set, and the car thus properly secured, such a wind as there was prior to the collision could not have moved the car.    The wind did not blow down buildings or trees or fences, or standing crops, and whether its force was great enough to move a car weighing about 20,000 pounds, if the car was properly secured, was a fair question for the jury, who, in its solution, could bring to bear upon it their own experience and observation.

It is quite true that the burden was upon the plaintiff to establish the defendant's negligence.    But this burden was well borne by him when he proved the presence of this car

belonging to it upon the track in the way of its passenger trains. The case thus made by the plaintiff could be met by the defendant by evidence tending to show that the car came upon the main track without its fault, and then, upon all the evidence, it was incumbent upon the plaintiff to satisfy the jury that there was negligence fairly attributable to the defendant. If the brakes were inadequate to secure such a car so that any wind which might be reasonably expected could not move it, then the jury might find that a car left standing for nearly two days ought, in the exercise of that high degree of care incumbent upon a railroad company for the protection of its passengers, to have been blocked or otherwise secured.

The plaintiff, on the night of the collision, had taken his seat in a passenger coach where there was plenty of room for him. He left his seat and went forward into the baggage car to smoke, and there he was at the time of the collision. The claim of the defendant is that he was guilty of such negligence in going into the baggage car as to bar his recovery for the injury he there received. There would be some basis for this claim if his injury could be traced to his presence in that car. But if his presence there did not have any relation to the injury, then it furnishes no defense to the defendant. It does not appear that the baggage car was, on the occasion of the collision, any more dangerous than the passenger coach. On the contrary, the evidence tends to show that it was a safer place and that his escape from sudden death was due to his presence there. And the trial judge submitted the case to the jury upon this theory. He charged: "As far as the plaintiff is concerned, the collision would have occurred no matter where he was upon the train; but the claim of the defendant is not that the plaintiff being in the baggage car contributed to the collision, and it is not necessary for that to be established. But the claim of the defendant is that the plaintiff being in the baggage car contributed to the injury. That is the question for you to decide upon that branch of the case; whether the plaintiff being where he had no business

to be contributed to the injury which he received." Again : " The question is simply whether his being in the baggage car at that time, and under the circumstances in which he was, contributed to his receiving the injury which he did receive ; if it did contribute to that injury, then he fails to make out his case in that particular, and the defendant is entitled to your verdict ; if it did not contribute to the injury, he has established the case on that point." This charge was as favorable to the defendant as it could ask.

We are, therefore, of opinion that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.