B. F. WEEKS v. SOUTHERN RAILWAY COMPANY.

*Trial—Evidence, Sufficiency of for Jury—Non-suit.*

1. Where there is evidence of a fact which, in connection with other matters, if proved would establish the fact in issue, then the fact so calculated to form a link in the chain, although the other links are not supplied, is some evidence tending to establish the fact in issue, and its sufficiency should be passed on by the jury; otherwise when the evidence, under no circumstances, has any relevancy or tendency to establish the fact in issue.

2. In an action for personal injuries caused by being thrown from a car by a collision with an engine, where there was some evidence tending to show that a sudden push of the engine was reckless negligence, it was error for the court to state that under the evidence the plaintiff was not entitled to recover.

ACTION for damages for injuries caused by the negligent operation by defendant's servants of one of its cars in which plaintiff was at work with defendant's knowledge, tried before *Starbuck, J.,* at March Term, 1896, of Mecklenburg Superior Court. The facts appear in the opinion of Chief Justice FAIRCLOTH.

*Messrs.   Burwell,   Walker  &  Cansler*,   for   plaintiff (appellant).

*Mr. Geo. F. Bason*, for defendant.

FAIRCLOTH, C. J. : This case was tried upon the following evidence, taken as true for the purpose of this trial :

B. F. Weeks, the plaintiff, testified in his own behalf as follows :

" On the 16th day of August, 1895, I was employed by the Charlotte Cotton Mills as carpenter to fasten a picker in one of the defendant's box cars, ready for shipment. The defendant placed the car on the sidetrack in front of the warehouse of the cotton factory in order that the picker might be loaded and fastened down in the car properly for shipment. I was instructed by my employer to go in the car and nail down the picker. While I was yet in the car, engaged in fastening down the picker, the defendant's agents backed its shifting engine in on the sidetrack, attached it to the car in which I was working and pulled it out on the main line in order to run in a coal car over the sidetrack to the cotton factory. I continued to work while the car was moving. After box car was pulled out on the main line, the coal car was attached in the rear and the box car and coal car were all pushed back upon the side track in front of the factory. Just as the car in which I was working got about where it was standing when it was first attached to shifting engine the train came almost to a standstill. It just was moving. Just at this time I finished my work, and was in the act of rising from the floor of the car where I had been nailing down the picker, when the engine gave a sudden push and threw me out of the car on to the track, causing the serious injury to my leg, jerking it out of joint, from which I was laid up six weeks, since which time I have been compelled to use

WEEKS *v.* RAILROAD COMPANY.

crutches until two weeks ago. The picker was located in the middle of the car between the two doors, and I was working within two or three feet of the door ; was about that distance from it when I was thrown out. My work required that I should be that close to it. Hughs, Torrance and two negroes were in the car with me. When the car was suddenly pushed back and I was thrown out, the picker was most tilted over and the two negroes were nearly knocked down. Defendant's agents knew I was at work in the car. I was at the time of the injury working for $1.25 per day. Have not been able to do any work since. My leg hurts when I walk and never will be any account to me again.

The defendant introduced evidence also which is not necessary to be recited in the view we take of the case. Contributory negligence on plaintiff's part was alleged by defendant.

At the close of the evidence the court intimated that in no view of the evidence was the plaintiff entitled to recover. Exception, non-suit and appeal by the plaintiff. This is all we have to consider, that is the much-discussed question of the sufficiency of evidence to be submitted to the jury. *Young* v. *Railroad*, 116 N. C., 932; *Young* v. *Alford*, 118 N. C., 215.

The right of trial by jury is "sacred and inviolable." This principle is found in our fundamental and organic law, and can only be departed from when well-established principles of law justify it.

Juries are not allowed to encroach upon the province of the judge, nor can the judge usurp the true province of the jury. It is easy to lay down the rule, but its application to a given state of facts is sometimes more difficult. For this opinion we will refer to and adopt the opinion in *State* v. *Allen*, 3 Jones, 257, on this subject. "The distinc-

tion between ' no evidence ' and 'slight evidence ' is often a very nice one, and the dividing line can scarcely be traced. The safest course in such cases is to depend upon the good sense of the jury, and to take it for granted, subject to the corrective power of the court, that a jury will not conjecture or guess at a fact when there is no sufficient evidence to establish it."

The dividing line may be marked then, for, when there is evidence of a fact which, in connection with other facts, if proved, would form a chain of circumstances sufficient to establish the fact in issue, the fact so calculated to form a link in the chain, although the other links are not supplied, is nevertheless *some* evidence tending to establish the fact in issue, and its sufficiency must be passed on by the jury; but when the evidence under no circumstances could form a link in the chain, and, although competent, yet has no relevancy or tendency to prove the fact in issue, the jury should be so instructed. The evidence in this case runs near the line, and we are not prepared, under the above rules, to say there is no evidence fit for the jury to consider. Whether the " sudden push " of the engine was reckless or unavoidable or accidental is not for this Court to determine.

New Trial.