### MARY B. GREGORY et al. v. JOHN BULLOCK et al.

#### Contract—Guaranty—Evidence.

On the trial of an action, it appeared that defendant wrote to plaintiff
saying:  "When S. is ready to cut ties if you can agree between
you as to the price, no doubt I can arrange the payment of the
money satisfactory to you."   This was held in former appeal to be
no evidence of a guaranty on part of defendant to pay for the ties.
On a subsequent trial, a letter of later date from the defendant was
offered as evidence of the contract, as follows:   "At the request of
S. I beg to herewith hand you check for $100 which has been charged
to his account in part payment of ties.   Referring to your favor of
27th ult., I do not care to discount any more papers at bank rates."
*Held*, that such letter contains no evidence suitable to be submitted
to the jury to show a sale of ties to the defendant or any guaranty
for payment by S. and, being only cumulative and of the same
kind in substance as the former letter, does not constitute a link in
the chain to establish the contract.

CIVIL ACTION tried before *Allen, J.*, and a jury at April
1897, Term of GRANVILLE Superior Court.    At the close of
the plaintiff's evidence the defendant moved to dismiss the
complaint or for judgment as in case of non-suit which mo-
tion was granted and plaintiff appealed.

GREGORY *v* BULLOCK.

*Messrs. J. W. Graham* and *P. C. Graham*, for plaintiffs (appellants).

*Messrs. Winston, Fuller & Biggs* and *T. T. Hicks*, for defendants.

FAIRCLOTH, C. J.:   On the former hearing of this case (120 N. C., 260) it was held that the evidence, contained in the letters between the parties, failed to show a contract or a guaranty on the part of defendant to pay for the trees sold by plaintiff to Smith.   In addition, the plaintiff now presents another letter from defendant to plaintiff dated April 1, 1895, as evidence to be submitted to the jury on the issue of indebtedness.   The letter was in these words:   "At the request of R. T. Smith I beg to herewith hand you check for $100. which has been charged to his account in part payment of ties.   Referring to your favor of 27th ulto., I do not care to discount any more papers at bank rates."   This letter itself certainly fails to show any sale of ties to the defendant or any guaranty for payment by Smith, but rather implies, and is consistent with, the statement of plaintiff that she sold the trees to Smith.   The plaintiff insists, on the strength of *Weeks* v. *Railroad*, 119 N. C., 740, that this letter is a link in the chain to establish a contract, which should go to the jury.   The difficulty is that this letter does not supply a missing link, but is only cumulative and of the same kind in substance as those letters considered in the former opinion.   If one letter does not contain evidence suitable to be submitted to a jury, the addition of another of the *same kind* would not change the *character* of the evidence or make it sufficient to be heard by a jury.

'   Affirmed.