LINDSAY v. NORFOLK AND SOUTHERN RAILROAD CO.

(Filed March 3, 1903.)

1. NEGLIGENCE—*Contributory Negligence—Master and Servant— Railroads.*

Where the duties of a brakeman require him to be on top of a car, and while reclining with his feet hanging over the car he is caught and jerked from the car by a loop in a rope hanging from a water pipe, negligently left over the track, the railroad company is liable for injuries thereby sustained.

ACTION by Ambrose Lindsay against the Norfolk and Southern Railroad Company, heard by Judge *Francis D. Winston* and a jury, at Special (December) Term, 1902, of the Superior Court of CURRITUCK County.   From a judgment for the plaintiff, the defendant appealed.

*E. F. Aydlett,* for the plaintiff.

*Pruden & Pruden,* and *Shepherd & Shepherd,* for the defendant.

DOUGLAS, J.   This is an action to recover damages alleged to have been received through the negligence of the defendant. The defendant denies its own negligence, and alleges contributory negligence on the part of the plaintiff.   The defendant introduced no evidence, and, at the conclusion of the plaintiff's testimony, moved for judgment as of nonsuit.   There is practically no contradiction as to the material facts.   It appears that the plaintiff was a flagman and brakeman, and that his duties required him to be on top the cars or between them.   The brake wheel was half way between the middle and edge of the car, and about four feet from the plaintiff, who was sitting, or rather reclining, on top of the car with his feet hanging over the side.   The conductor and another brakeman to whom the plaintiff was talking, were sitting on the running board a few feet distant.   While in this situation, the plaintiff being suddenly warned by the conductor to "look out," raised himself on his arm, and was caught and jerked from the car by a rope hanging in a loop from a water-pipe which projected over the car.   The plaintiff alleges two distinct acts of negligence on the part of the defendant—needlessly permitting the pipe to remain over the track, and looping the rope in such a way as would naturally pull off anything with which it should come in contact.   We think that either act of itself would have constituted actionable negligence, while the absence of either would have prevented the injury.   If the pipe had been pushed back where it belonged when not in use, the rope could not have caught the plaintiff; while if the rope had been cut in two, which would not have impaired its usefulness, it could not have held him.

Judgment of dismissal as of nonsuit was therefore properly refused.   *House v. Railroad,* 131 N. C., 103.   The defendant lays great stress upon the fact that the plaintiff was sitting on the side of the car with his feet hanging over the edge,

which it characterizes as "desperately reckless." To the ordinary man, any position on the top of a car would be dangerous, but it would seem that sitting down anywhere would be less dangerous than standing on the running board, as it would be easier to preserve the center of gravity. But admitting that the plaintiff's position was one of increased danger, that of itself would not constitute contributory negligence, unless it were the proximate cause of the injury. He might have been in a position of equal danger on the other side of the car, and would not have been hurt, simply because the rope did not reach that far. The same reason would have produced the exemption from injury had he been sitting on the running board. Had he been caught by his feet, the matter would be different; but it was stated by counsel, without contradiction, that he was caught by his neck. Hence, those cases cited by the defendant where the plaintiff was caught by his feet in a cattle guard, or struck on some projecting part of his body, have no application to the case at bar. Of course the personal presence of the plaintiff at the scene of the accident is a necessary condition to his injury, but it is not regarded as the legal cause thereof unless a man of ordinary prudence would, under like circumstances, have reasonably anticipated the danger likely to accrue. Moreover, mere negligence, either on the part of the defendant or of the plaintiff, has no legal effect, unless, separately and concurrently, it is the proximate cause of the injury. *Edwards v. Railroad,* 129 N. C., 78.

What we have said practically disposes of the case. There are several exceptions to the charge, but they are without merit and do not seem to have been relied on by the defendant. The judgment of the Court below is affirmed.

Affirmed.