## GRAVES v. RAILROAD CO.

(Filed September 13, 1904).

1. CONTRIBUTORY NEGLIGENCE—*Proximate Cause—Carriers.*

> Where, in an action for injuries, the evidence was conflicting, and the jury might have found that plaintiff was not guilty of contributory negligence, or that such negligence was not the proximate cause of his injury, the court should not, on the facts shown, direct an affirmative verdict as to contributory negligence.

2. CONTRIBUTORY NEGLIGENCE—*Negligence—Instructions.*

> In an action for personal injuries, the trial court should not instruct relative to contributory negligence, so as to exclude the idea of the negligence of the defendant.

3. EXCEPTIONS AND OBJECTIONS—*Appeal—Instructions—Presumption.*

> Where the defendant did not except to the charge, or request the court to set out the same or any part thereof in the case, it would be conclusively presumed on appeal that the charge was free from error.

ACTION by J. W. Graves against the Norfolk and Southern Railroad Company, heard by *Judge W. A. Hoke* and a jury, at January (Special) Term, 1904, of the Superior Court of PASQUOTANK County. From a judgment for the plaintiff the defendant appealed.

*E. F. Aydlett,* for the plaintiff.
*Pruden & Pruden* and *Shepherd & Shepherd,* for the defendant.

WALKER, J. The plaintiff was a railway postal clerk on one of the trains of the defendant, and in his complaint he alleges that while engaged in his work in the railway car

assigned to him for his use the train was stopped at a water tank and then started very suddenly and with an unusual jerk, so that he was thrown violently to the floor of the car and severely hurt. The defendant denied these allegations, and alleged that if the train was suddenly started with a jerk the plaintiff's fall was not caused thereby, and if it was so caused the plaintiff negligently contributed to his own injury, in that, being lame from the effects of paralysis, he undertook to walk from one end of the car to the other with a heavy mail sack upon his shoulder, and being thus handicapped he tripped and fell over a mail sack which he had himself carelessly left lying on the floor of the car. The jury found by their verdict, in response to the first issue, that the defendant had negligently started the train at the water tank, and there is no exception to any ruling of the Court upon this issue, which is now relied on by the defendant. Besides, we think the charge of the Court as to this issue was correct in all respects. *Nance v. Railroad,* 94 N. C., 619; *Wallace v. Railroad,* 98 N. C., 494; 2 Am. St. Rep., 346; S. C., 101 N. C., 454; *Tillett v. Railroad,* 118 N. C., 1031; *Weeks v. Railroad,* 119 N. C., 740; *Whitley v. Railroad,* 122 N. C., 987; *Davis v. Railroad,* 132 N. C., 291. The Court also gave the plaintiff's requests for instructions so far as they related to the first issue. The exception to the charge, so far as it affected this issue, was therefore properly abandoned.

The real and, it seems to us, the only contention is as to the second issue, which refers to the plaintiff's contributory negligence. The jury also found this issue against the defendant, who had requested the Court to charge the jury that if the plaintiff walked across the car and stumbled over the mail sacks, which caused him to fall, and he was thereby injured, or if he carried upon his shoulders a heavy sack of mail and while thus walking across the car the train started suddenly and he fell and was injured, the jury, in either case, should

find that he was guilty of continuing negligence, which contributed to his injury, and they should answer the second issue "Yes." The defendant then substantially combined the said requests in a third prayer, by which the Court was asked to charge the jury that if the plaintiff, in his feeble condition, walked across the car with the heavy mail sack upon his shoulder and fell over the sack which he had left on the floor, and was hurt, he was guilty of continuing negligence which caused or contributed to his injury, and they should answer the second issue "Yes." It is stated in the case that the Court, in its charge to the jury, "reviewed the evidence, stated the contentions of the respective parties and the general law relating to negligence and contributory negligence," and that "on the second issue the Court stated the law in regard to contributory negligence, the contentions of the parties on this issue, and then further instructed the jury on the second issue as follows: 'That where facts are admitted or established and the negligent breach of duty is clear, the Court declares whether there has or has not been contributory negligence; but where two men of fair minds could come to differing conclusions on the question, then the law directs that the jury shall find the facts and determine on the entire facts and circumstances of the case whether or not there has been contributory negligence on the part of the plaintiff; and in the case at bar the question is left to the jury to determine from the entire facts and circumstances of the case whether or not there has been contributory negligence on the part of the plaintiff.' " The defendant excepted to this charge and now complains that the Court erred in not giving its request for instructions and in giving the charge upon the second issue, which we have just quoted.

Viewing the record as we do, no error can be seen in either respect. The prayers for instructions were properly refused, because if they had been given, the jury would have been

directed to find as matter of law that the plaintiff's own con-
duct was the proximate cause of the injury to him, whereas
this was a fact to be found by the jury under instructions
from the Court as to the law. Even though the plaintiff was
negligent, the issue as to his contributory negligence could
not have been answered against him unless the jury had found
that his negligence was the proximate cause of the injury.
The authorities which establish this proposition are too nu-
merous and the principle is now too well settled to require
any extended argument or reasoning to support it. *Edwards
v. Railroad,* 129 N. C., 78; *Lindsay v. Railroad,* 132 N. C.,
59. Before the Court can be required to give an instruction,
it must be so framed as to be complete in itself, and it must
not only be justified by the evidence, but it must not exclude
from the consideration of the jury any testimony which is
proper to be taken into account and weighed by them in
arriving at a conclusion upon the issues involved, and, above
all things, it must not require the jury to treat as a conclusion
of law, even under the instruction of the Court, that which
is in its very nature a mixed question of law and fact. If
the rule is not carefully observed, the Court will often invade
the province of the jury. When the facts are admitted or
established by proof, and the negligent breach of duty by the
defendant, or the plaintiff, as the case may be, is clear, or, in
other words, when the facts found constitute the same thing
as, or are precisely equivalent in contemplation of law or in
legal effect to, a breach of duty which proximately caused the
injury, or when they conclusively present a case of negli-
gence or contributory negligence which proximately caused
the injury, the Court in the cases stated will and should
declare whether there has been negligence or contributory
negligence; but when the facts are controverted or the negli-
gence is not so clearly shown that the Court can pronounce
upon it as matter of law, the case should go to the jury with

proper instructions, so that the jury may apply the law to any given state of facts as found by them.

In our case it appears that the plaintiff had the full benefit of this rule in the charge of the Court. What we have said is applicable as well to the instruction to which exception was taken as to the prayers of the defendant. The Court, in its charge, left it to the jury to say, upon the facts as they might find them to be, whether the plaintiff had by his own negligence contributed to his injury. We do not understand the charge of the Court as do the learned counsel of the defendant. The second issue was not submitted to the jury upon the evidence without any instruction of the Court to guide them as to the law applicable to the facts. It is expressly said in the case that the Court stated to the jury the law as to contributory negligence, and the contention of the parties, and also the general law as to negligence, and then reviewed the evidence. As the charge is not set out and no exception was taken to it, we must assume that the Court so reviewed the evidence as to present to the jury the different phases of the case in which the plaintiff would be chargeable with contributory negligence, and explained fully to them the law of negligence and contributory negligence, so as to enable them intelligently to pass upon the issues. An elementary principle in the law of appellate proceedings is that no error of the trial Court will be presumed in a Court of review. If there was error it must be affirmatively shown by the appellant in the record, or it will be taken in this Court that the case proceeded regularly in the Court below and was in all respects correctly tried. If the defendant discovered any error in the charge, he should have excepted to it and requested the Court to set out in the case, as he had the right to do, so much of the charge as was considered erroneous or as was necessary to present the point, and having failed to do so, we must conclusively presume that the charge was free from error.

That part of the charge on the second issue, which is set out in the case, must be taken in connection with the prior instructions of the Court as to the law and cannot be detached from them and considered as thus isolated and as an independent proposition.

Again, why should the Court have told the jury what would be contributory negligence, or stated the law in regard to it, if it was not intended that the jury should apply this law to the facts? It cannot be said that the matter was left at large and that the jury were constituted the sole judges of the facts and the law, in view of the statement in the record that the law was fully explained to them. If the charge had been fully set out we might be able to understand better the contention of the defendant, but in the present state of the record we are unable to discover any error in the instruction to which exception was taken. If it had stood by itself without proper explanation from the Court as to the law which should be their guide in passing upon the evidence, it would clearly have been error, but such is not the case.

It was contended in the able argument of the defendant's counsel that the trial Judge should not have left the question of contributory negligence to the jury as one solely for their decision, but should have collated the facts which the evidence tended to prove and told the jury whether, if they found those facts, there was or was not contributory negligence. The evidence was not all one way, but was conflicting. The plaintiff testified that his injury was caused solely by the sudden jerk of the train, while some of the defendant's witnesses testified that he had stated to them it was caused solely by his stumbling over the mail sacks on the floor, and that the defendant was not at fault. The response of the jury to the first issue, when read in connection with the finding of the Court upon that issue, shows that they found as a fact that the injury resulted from the jerk of the train. With this

reference to the state of the evidence and to the finding of the jury, we come now to the consideration of the defendant's contention.

One fault we find in the defendant's prayers upon the second issue is that they all exclude the idea that the defendant was negligent at all, and we know that there can be no contributory negligence unless there has been preceding negligence on the part of the defendant. *Curtis v. Railroad,* 130 N. C., 437; *Gordon v. Railroad,* 132 N. C., 565; *Morrow v. Railroad,* 134 N. C., 92. They are all founded upon the assumption that the injury was caused solely by the plaintiff's own negligence, although it is described as continuing and contributory, and one sufficient answer to the defendant's contention as based upon the Judge's charge is that it appears by the clearest implication the Court had fully informed the jury, in that part of the charge which was not set out, as to what would constitute contributory negligence upon the facts as found by them. In this case the Court could not have charged as the defendant contends it should have done and which it is admitted would have been quite proper in some cases, because even if the jury should have found that the plaintiff fell over the mail sacks, or was the more easily thrown by the sudden movement of the train because he had the mail sack on his shoulder, they may yet have concluded from all the facts and circumstances of the case that this was not the proximate cause of the injury, but that the jerk of the train was of sufficient force or violence by itself to produce the unfortunate result, and that it was not only the last in the sequence of events, but was the efficient and responsible cause. It is manifest from the evidence, the charge of the Court and the verdict, when considered together, that the jury rejected the defendant's contention that the plaintiff was injured by falling over the mail sacks, but even if they had found that he did so fall, it may nevertheless be that the

jury, under the instructions of the Court, further found that, in view of the plaintiff's situation and surroundings and under all the facts and circumstances of the case, it was not negligence to leave the sacks on the floor, or that a prudent man, in the exercise of ordinary care, would not have anticipated such a conjunction of circumstances as made it dangerous to leave them there.

There are many considerations which might have led the jury to the conclusion, upon the facts as they found them, that the plaintiff was not guilty of contributory negligence. This is not a case, therefore, in which it was required that the Court should direct an affirmative response as to contributory negligence upon a given state of facts if found by the jury, although there may have been evidence of those facts, as proximate cause, which is an essential element of an affirmative finding upon the second issue, could not be thus passed upon by the Judge in a case like this.     Concurring negligence of a plaintiff may undoubtedly bar his recovery, as contended by the defendant's counsel (*Lea v. Railroad,* 129 N. C., 459), but we do not think that such a case is now presented as permits the application of that rule of law.     If the facts, when admitted, or established by proof and found by the jury, lead to but one legal conclusion as to the negligence of the defendant, or as to the negligence of the plaintiff, whether the latter's negligence be concurring or otherwise contributory, it is proper for the Court to instruct the jury how to answer the issues, but not otherwise.     *House v. Railroad,* 131 N. C., 103; *Hallom v. Railroad,* 127 N. C., 257.

We do not think the Court, in its charge, violated any principle laid down in *Hinshaw v. Railroad,* 118 N. C., 1054; *Ellerbee v. Railroad,* 118 N. C., 1027; *Russell v. Railroad,* 118 N. C., 1112; or *McCracken v. Smathers,* 119 N. C., 617, which were cited by the defendant's counsel in argument and

urged upon our attention, but on the contrary it is sustained by those cases and by *Styles v. Railroad,* 118 N. C., 1091, and *Coley v. Railroad,* 129 N. C., 411, 57 L. R. A., 817.

In the trial below the defendant had the full benefit of every principle of law applicable to the case and to which it was justly entitled.

No Error.