This case was before us at a former term (143 N.C. 115). (546) The plaintiff entered a caboose car of the defendant, which was *Page 377 
attached to one of its freight trains at Gastonia, as a passenger, intending to go to Charlotte. The jury, upon issues submitted by the court, found that he was a passenger and that he was injured by the negligence of the defendant, but that he was guilty of contributory negligence. The caboose was divided by the partition into two compartments, the rear one for passengers and the front one for the employees and their tools and implements. The two were constructed somewhat alike, each having a seat on the side running lengthwise of the car. The day on which the plaintiff was injured was warm and the rear compartment of the caboose was uncomfortable, not being as well ventilated as the front. The plaintiff went into the front compartment, there being a door in the front of the car and a window on the side, and both being open. He sat on the side seat and commenced to make entries in his notebook. After he had taken his seat, a flagman, apparently in charge of the caboose, asked him if he was going to remain on the car. Plaintiff replied that he was going to Charlotte, whereupon the flagman asked him to look after the caboose while he was away, which he consented to do. When the plaintiff had been seated about twenty minutes the caboose was jerked violently by the backing of the freight cars against it with "tremendous force," and he was thrown against the door, which was out of order; his hand was caught and badly lacerated, torn, and mashed, so that he suffered great pain, the hand being permanently injured.
The plaintiff testified that the conductor consented to his boarding the caboose where it was, though he politely notified the plaintiff that it would be drawn up to the station, and if he waited he could get on it there.
The plaintiff requested the court to give the following (547) instruction, which was refused, except as given in the charge: "It is not negligence per se for a passenger to enter a car at a station in apparent readiness to receive passengers a few minutes ahead of the time fixed by the rules of the company for receiving passengers; nor is it negligence per se for the plaintiff after boarding the caboose where he did, to fail to look to see if cars were being backed against the caboose; nor was it negligence per se for the plaintiff to get on the caboose if it was detached from the engine at the time he entered; nor was it negligenceper se for the plaintiff to get into the apartment of the car he did when he entered the caboose; and if the jury so find, and further find that the plaintiff was in the exercise of ordinary care when he entered the car and when he was injured, then the jury should answer the third issue `No.'"
The court charged the jury as follows: "On the third issue the burden is upon the defendant to satisfy you, by the greater weight of the evidence, that the plaintiff was negligent, and that that negligence was *Page 378 
the proximate cause of the injury to him. The question of the contributory negligence of the plaintiff is to be determined by his conduct after he got upon the car, and dependent solely on that. It was the duty of the plaintiff to exercise his intelligence and senses and to observe the condition of the car, and if by the exercise of ordinary care he could have discovered the rear part of the car was provided for passengers and the front not, and for his own convenience and comfort he went to the front section and sat down near the door, he was guilty of contributory negligence, and you will answer the third issue `Yes.' If, however, either end was used for passengers, it would not be negligence for the plaintiff to go into the front end of the car. If, however, he could not discover, by the exercise of ordinary care, that the front end of (548) the car was not used for passengers, then it would not be negligence to go in there, but it would be his duty then to exercise ordinary care, if, by the use of ordinary care, he could discover that it was dangerous."
There was judgment for the defendant upon the verdict, and the plaintiff appealed.
After stating the case: The only question that requires consideration in this case is whether the instruction of the court, as to contributory negligence, was correct, for the jury found that plaintiff was a passenger and that the defendant had been negligent in the management of the train. The instruction makes the contributory negligence of the plaintiff turn solely upon whether, by the exercise of ordinary care, he could have discovered that the rear compartment was intended for passengers and the forward compartment for employees, and whether, also, he went into the front section for his own comfort and convenience and sat down near the door. A plaintiff cannot be said to have contributed to his own injury by his negligence, unless he has failed to exercise that degree of care which a man of ordinary prudence would use for his own safety in the same or substantially similar circumstances, and further, unless his want of care has proximately contributed to causing the injury of which he complains. The question upon the second issue was not merely whether the plaintiff knew or should have known that the rear compartment was for the accommodation of passengers, and, for that reason, he should have taken a seat therein, but the inquiry should have been broadened so that the jury should have further ascertained and found whether the front compartment (549) was more dangerous than the rear one, and whether, by taking *Page 379 
a seat therein, the risk and peril of plaintiff's position in the car was thereby enhanced; whether, also, a man of ordinary prudence would have acted as he did under the circumstances, and finally whether his conduct proximately caused or concurred in causing the injury. 1 Thompson on Negligence, sec. 216. It was not, per se, negligence to take a seat in the front compartment, even though it was intended for the employees of the defendant and the storage of their tools. Creed v. R. R., 86 Pa. St., 139;Burr v. R. R., 64 N.J. L., 30. Besides, the instruction of the court ignores the fact, of which there was evidence, that the flagman, who had temporary charge of the car, saw the position occupied by the plaintiff and made no objection to his continuing in it, but, instead, requested him to watch the car during his absence. 6 Cyc., p. 641.
The claim of the defendant is that the plaintiff was guilty of such negligence in going into the front section of the car as to bar his recovery for the injury he there received, however negligent the defendant itself may have been. This same contention was made in Webster v.R. R., 115 N.Y. 112, and in reference to it the Court said: "There would be some basis for this claim if his (plaintiff's) injury could be traced to his presence in that car. But if his presence there did not have any relation to the injury, then it furnishes no defense to the defendant. It does not appear that the baggage car was, on the occasion of the collision, any more dangerous than the passenger coach." InCreed v. R. R., 86 Pa. St., 139, the facts were that the plaintiff's intestate was a passenger on a mixed freight and passenger train of the defendant. He went into the caboose, the hindmost car of the train, in front of which were the passenger coaches, so that there was ready and easy access from the latter to the former. The caboose (550) car was one set apart and especially designed for the use and occupancy of the employees engaged in running the train, and by the rules of the company no other persons were permitted to enter it. The intestate was killed by the caboose being upset, and with reference to these facts the Court said: "Was Creed's position, under ordinary circumstances, which a man of ordinary prudence ought to see and guard against, as safe as a seat in a passenger car? If it was, and, as we have said, there is no evidence to the contrary, then negligence cannot be predicated upon the fact of his being in the caboose." This left the question, as to whether the intestate had been negligent in taking a seat in the caboose, to the jury. It was further held that there was no contributory negligence, because it did not appear that the intestate's position in the caboose had any causal connection with the accident, or, in other words, that his being in the wrong car was the proximate cause of his death. The Court cited, in support of the decision in that case, *Page 380 O'Donnell v. R. R., 59 Pa. St., 239; R. R. v. Chenewith, 52 Pa. St., 382;Carroll v. R. R., 1 Duer (N. Y.), 571; Washburn v. R. R., 3 Head (Tenn.), 638, and Jacobus v. R. R., 20 Minn. 125, which authorities seem strongly to sustain the conclusion therein reached. It is not necessary that we should in this case go so far as the courts did in those we have cited, but it is quite sufficient for our purpose to show that the liability of this defendant for the plaintiff's injury, if it was guilty of negligence, as the jury found, depended upon whether the jury should also find, under the third issue as to contributory negligence, that the plaintiff in going into the front compartment of the caboose exercised the care of an ordinarily prudent man under the circumstances, or that, (551) if he was negligent in taking a seat in the front instead of the rear part of that car, whether his injury was proximately caused by that negligence or by the negligence of the defendant.
These questions are discussed with singular clearness and force byJudge Magie, for the Court, in R. R. v. Ball, 53 N.J. L., 283, the fact of which closely resemble those in our case, and in principle we do not see how the two cases can well be distinguished. Indeed, all the cases we have cited, including, of course, the last, while they clearly support the propositions we lay down as applicable to this case, go far beyond what we deem it necessary to declare in order to hold that the instruction of the court upon the issue of contributory negligence was erroneous. For example, in the case last cited it is said: "If such an inference (that an invitation had been given to the plaintiff to ride where he was at the time of the accident) were drawn, I think that negligence could no more be imputed to the act of taking and retaining that place than it could be to the act of taking a seat in a passenger car, so far as concerned danger from cause extraneous to the car. If any invitation called him to a place of obvious danger from such or other causes, apparent to his senses, and to take which could only be done by a failure to exercise care for his safety, negligence might be imputed to him, notwithstanding an invitation. If the place to which he was invited may or may not be prudently taken, a question for the jury would arise. Where a passenger, under similar circumstances, rode on the platform, and was there injured in a wreck of the train, it was held that a question for the jury arose, and a finding that the act was not negligent was supported. As will be seen, I do not think that danger from extraneous causes was at all apparent or obvious to one invited to the baggage compartment. But the case in hand was put to the jury, not as (552) a question of implied invitation, but upon the assumption that plaintiff occupied the baggage compartment merely with the consent and permission of those in charge of the train. This conclusion was necessary from the evidence, and the trial judge had a right to base *Page 381 
instructions to the jury thereon. The instruction thereon was, that "while plaintiff's act in riding in that compartment would have negligently contributed to any injury received from causes inherent in the construction and use of it as a place for receiving and carrying baggage, there was no contributory negligence to be imputed to that act in respect to injuries received from causes ab extra," citing R. R. v. Lee, 21 Vroom, 435, andWillis v. R. R., 34 N.Y. 670.
The Court, in R. R. v. Ball, supra, after remarking that whether the plaintiff's position, if wrongful, was a contributing cause, or merely the occasion or opportunity of the injury done by the defendant's wrong, was also a question in the case, made further observations which are pertinent to the facts of the case at bar. "But let us assume (says the Court) that the jury, had the question been submitted to them, might have found that plaintiff's act did contribute to his own injury as a cause thereof. To exonerate defendant from liability for its negligence, which also caused plaintiff's injury, it is not sufficient that plaintiff by his act contributed thereto, but it must further appear that in doing that act he was at fault, and guilty of what the law calls negligence. Negligence is the absence of that care for safety which the law exacts from him who seeks redress for an injury done him by the negligence of another. In this respect the law exacts such judgment respecting dangers and risks incident to the circumstances as a reasonable man would form, and such vigilance in observing the approach of danger and such care in avoiding it as a prudent man, reasonably careful of his safety, would exercise."Judge Thompson substantially states the true doctrine in (553) the same way: "The general rule is that a passenger who, without the consent of the carrier, selects a place on the carrier's vehicle which is obviously not intended to be occupied by passengers, and, while in such position, receives an injury directly traceable to hazards peculiar to that position, cannot recover damages of the carrier, for he is deemed in law to accept the risks incident to the position which he thus voluntarily assumes, but the passenger's conduct, if negligent, will not bar a recovery of damages, unless it was the proximate cause of his injury." 3 Thompson on Negligence, sec. 2942. "However negligent he may have been in placing himself in an improper position upon the carrier's vehicle, if his negligence did not contribute in any degree to the accident which befell him, but if that accident was the result of the negligence of the carrier, he may recover damages." 1 Thompson Neg., sec. 216. Many authorities might be cited in support of the principles thus stated, but a few only will suffice: Keith v. Pinkham, 43 Me. 501; Paquin v. R. R., 90 Mo. App. 118;Burr v. R. R., 64 N.J. L., 30; Wilmott v. R. R., 106 Mo., 535; Moore on Carriers, p. 854; R. R. v. State, 72 Md. 36. *Page 382 
In this case it appears that the two compartments of the caboose were constructed and arranged substantially alike, each having a seat running lengthwise of the car. It was for the jury to say whether there was anything peculiar to the front compartment which rendered it more dangerous to passengers than the rear one, and if there was, then whether the plaintiff, under all the facts and circumstances of the case, exercised the care of an ordinarily prudent man in taking a seat there, with the knowledge of the flagman and without any warning from him. It certainly was not obviously dangerous to do as the plaintiff did so as to (554) leave no room for a difference of opinion as to his negligence in the minds of ordinarily prudent and reasonable men, and, this being so, the question of the exercise by him of due care for his own safety was for the jury. If the principal injury to the plaintiff resulted from a defect in the door, did he have such knowledge of the defect as to charge him with negligence for having exposed himself to a known danger which a man of ordinary prudence would have avoided? Lastly, the jury should have been directed, under proper instructions, to inquire whether or not the plaintiff's negligence, if there was any on his part, was the proximate cause of the injury to him. Graves v. R. R., 136 N.C. 4;Brewster v. Elizabeth City, 137 N.C. 394. The issue of contributory negligence is properly and generally referable, for its determination, to the rule of the prudent man, and cases which reject this as a rule in the law of negligence are not, therefore, applicable. If no two reasonable minds would differ as to the character of the plaintiff's act, the question of contributory negligence, like that of simple negligence, may become one of law to be decided by the court.
There was evidence from which the jury could have found, under proper direction by the court, that the defendant's negligence was the immediate, efficient, and proximate cause of the plaintiff's injury, and not his own, if he was negligent at all. It was the duty of the defendant to exercise the highest degree of care, prudence, and foresight for the safety of its passengers in the caboose which was reasonably practicable under the circumstances, and if it failed in this duty, and thereby proximately caused the injury to plaintiff, it is liable, if the plaintiff was not negligent; or, although the plaintiff may also have been negligent, if the defendant's negligence was the real and proximate cause of the injury, and not that of the plaintiff.
(555) In attempting, therefore, to define contributory negligence, with special reference to the facts of this case, the court stopped short of a full definition and, indeed, virtually directed a verdict against the plaintiff upon the third issue — if the jury should find the single fact that by the exercise of ordinary care he could have discovered that the rear end of the car was provided for passengers, and not the front, and for *Page 383 
his own comfort and convenience he took a seat in the front compartment. This confined the issue to limits which were too narrow, and necessarily prejudiced the plaintiff. For this error a new trial is ordered. The instruction was not only inherently defective in the respect indicated, but the court refused to give instructions requested by the plaintiff's counsel, which, if given, would have cured the defect and presented the case correctly to the jury.
New trial.
Cited: Suttle v. R. R., 150 N.C. 671.