Battle, J.
 

 The principle established in the cases to which we are referred by the counsel for the plaintiffs, is just and proper, and by it we must be governed in the decision of the present. That principle is, that when, upon a petition to the County Court that a certain thing be done, which it is competent for that Court to order, the Court makes the order that it shall be done, a party dissatisfied may appeal from it; but if he neglect to do so, and afterwards object to the regularity or sufficiency of the proceedings under it, and they are confirmed, his appeal then, will carry up the question upon the proceedings only, and not ilio original order. This was
 
 *245
 
 clearly stated by the Court, as the general rule, in
 
 Harvey
 
 v.
 
 Smith,
 
 1 Dev. and Bat. Rep. 186, though for reasons peculiar to that case, which was a petition for the re-probate of the testament of a married woman, it was decided to be an exception. The principle was again recognised in the
 
 State to the use of Dula
 
 v.
 
 Laws,
 
 7 Ire. Rep. 375, having been previously applied to the ease of a petition for dower, in
 
 Stiner
 
 v.
 
 Cawthorne,
 
 4 Dev. and Bat. Rep. 501.
 

 No decision has, as yet, been made upon the point in the ease of a petition to the County Court for laying off a public road; but the reasons, upon which the rule is founded, apply with as much force to such a case as to any other. When the County Court makes the order that a road shall be laid out between the
 
 termini
 
 therein mentioned, according to the prayer of the petition, it is a “judgment, sentence, or decree of the Court,” from which any person dissatisfied, may pray an appeal to the Superior Court: 1 Rev. Stat, ch. 4, sec. 2, clause 5 ; Rev. Code, ch. 4, sec. 2.
 
 “
 
 It is (say the Court in
 
 Harvey
 
 v. Smith) a sentence, materially affecting the subject-matter in contestation; inform, final on the
 
 point
 
 decided ; and which the dissatisfied party ought to have an opportunity of reviewing in the appellate tribunal, before it may lead to further mischief. Where the dissatisfied party neglects to appeal from such a sentence, it is not regularly re-examinable in the superior tribunal. All objections thereto which may be waived by not being brought forward in apt time, are waived, and the cause proceeds in the appellate Court, as it ought to have proceeded in the Court below, subsequently to that sentence.”
 

 In the present case, the order passed without objection; but after all the trouble and expénse attendant upon the summoning of a jury and having the 'load laid out, the defendants came forward, had themselves made parties defendant to the cause, and then, for the first time, objected to the order, and moved to have it set aside. We hold that they were then too late for any objection, except one to the report of the jury, and that their appeal to the Superior Court did not dis
 
 *246
 
 turb the order for laying out tbe road, but only took up tbeir exceptions to suck report. See
 
 Stiner
 
 v.
 
 Cawthorne,
 
 4 Dev. and Bat. Rep. at p. 505.
 

 The judgment of the Superior Court dismissing the petition was therefore erroneous, and must be reversed; and this will be certified to the said Superior Court, to the end, if there is no sufficient exception to the report of the jury, it may be confirmed; and if it be set aside as erroneous or insufficient, a
 
 ¡procedendo
 
 may issue to the County Court, in order that another jury may be summoned to lay out the road according to law.
 

 Pee Cueiam. Judgment reversed.