Battle, J>
 

 The only question presented in this case is whether the defendant had the right to appeal to the Superior Court from the order made in the County Court.
 

 The plaintiff’s counsel contends that he had not: 1st. because no appeal is given in such case, either by the 74th chapter of the Eevised Code, under which the petition was filed, or by the general law concerning appeals, contained in the 4th chapter of the Code; 2ndly, because the order was not of that kind of interlocutory orders from which an appeal is allowed.
 

 In support of the first objection the case of
 
 Brooks
 
 v.
 
 Morgan,
 
 5 Ire., 481, is relied, upon as an authority directly in point. This decision was made at June Term, 1845, after argument and full consideration, and we consider it as decisive of the question as the law of appeals then stood, notwithstanding that the subsequent case of
 
 Burgess
 
 v.
 
 Clark,
 
 13 Ire., 109, seems to assume the contrary.
 

 The principle decided was, that no appeal being given in the chapter concerning “Mills and Millers,” (Eev. Stat., c. 74,) and the proceedings being summary and peculiar, not according to the course of the common law, but prescribed under peculiar circumstances, the right of appeal was not embraced in the 4th chapter, which declares in the first section, “ That when any person, either plaintiff or defendant, or who shall be interested, shall be dissatisfied with the sentence, judgment or decree of any County Court, he may appeal from such sentence, judgment or decree to the next Superior Court,” &c. But we think that the corresponding chapter of the Eev. Code (c. 4, s. 1,) has altered this principle by declaring that “ Every free person, whether
 
 *324
 
 plaintiff or defendant, who shall be dissatisfied with the sentence, judgment or decree of the County Court, shall be entitled to have, unless the same be expressly forbidden by law, an appeal therefrom to the Superior Court of law,” &c. Here the right of appeal is given to parties in the most general terms,
 
 unless the same is expressly forbidden by
 
 law, which in our opinion was intended to reverse the rule laid down in
 
 Brooks
 
 v.
 
 Morgan,
 
 that, in cases of the kind there mentioned, no appeal should be allowed,
 
 unless expressly given by statute.
 
 That such was the intention of the Revised Code is still further manifested by the omission in the second section to give an appeal from any order of the County Court relating to Mills, while the corresponding chapter and section of the Revised Statutes gave it in one case, to wit: when either party “is dissatisfied with the judgment of the court upon the verdict of the jury, rendered upon the petition of any person alleging that he is injured by the erection of a mill.” In
 
 Brooks
 
 v.
 
 Morgan
 
 this provision of the Revised Statutes was relied upon as an additional argument to prove that, in controversies about Mills, the right of appeal was confined to the single case just mentioned. The omission of a similar provision in the Revised Code, c. 4, s. 2, leads us to the conclusion that an appeal from every order, amounting to a sentence, judgment or decree of the County Court, made in the course of any controversy concerning Mills was sufficiently provided for by the terms of the first section.
 

 The second objection to the appeal is that it was taken from an interlocutory order, and not from a final judgment • of the County Court. It seemed at one time to have been doubted whether such an objection was not fatal, but it was at an early period settled to the contrary.
 
 Hunt
 
 v.
 
 Crowell,
 
 2 Mur., 424. In some cases it is not only competent but the proper course for the dissatisfied party to appeal from such an order,
 
 (Harvey
 
 v.
 
 Smith,
 
 1 Dev. & Bat., 186,) and in
 
 *325
 
 others, advantages otherwise available may be lost by omitting to take such appeal.
 
 Anders
 
 v.
 
 Anders,
 
 4 Jon., 243. In
 
 Hunt
 
 v.
 
 Crowell
 
 it was said by the court, “ That whenever the question presented by the County Court is such that a judgment upon it one way would put an end to the cause, it may be appealed from.” This rule has been followed ever since, (see
 
 Mastin
 
 v.
 
 Porter,
 
 10 Ire., 1,) and is decisive in favor of the appeal in the present case. Had the County Court refused to make an order condemning the defendant’s land, and dismissed the petition, the plaintiff would have had a right of appeal, because as to him it would have been a final judgment; but, as it was made in his favor, it was as to the defendant interlocutory only. But, upon the principle of mutuality, he also ought to be allowed an Appeal.
 

 The judgment of the Superior Court must be reversed, and a certificate to that effect must be sent to the court below.
 

 Per Curiam. Judgment reversed.