WILLIAM WHITLEY v. SOUTHERN RAILWAY COMPANY.

*Practice—Dismissal of Action— Waiver—Defective Com-
plaint—Aider by Answer.*

A defendant who interposes such an answer as shows him to be
cognizant of the real cause of action upon which plaintiff
relies, and denies the allegations of the complaint, cures, by
way of aider, any defective statement of a cause of action in
the complaint and is not entitled to a dismissal on the
ground of such defect.

ACTION, heard before *Greene, J.*, at Fall Term, 1896, of
CABARRUS Superior Court, on a motion of defendant to dis-
miss, because the complaint contained only a statement of
a defective cause of action, and the court adjudged that
the cause be dismissed, and that the defendant go without
day and recover costs, and from this judgment the plaintiff
appealed.

The complaint is as follows :

" 1. Alleges defendant to be a corporation, &c., and is

operating the North Carolina Railroad, on which are the towns of Concord and Charlotte.

" 2. That the plaintiff's daughter, Mrs. Deaton, desiring to go and take her three small children from Concord to Charlotte on defendant's regular passenger train, which was due and arrived at defendant's station in Concord about 11 A. M., the plaintiff, for the purpose of purchasing the necessary tickets, accompanied said daughter and children to the station, and the defendant agreed and undertook for hire, to-wit, the sum of 75 cents, which was paid to it and a ticket obtained for the passage or carriage of said daughter and children and their baggage, before the arrival of said train, to carry on said train, from said station in Concord to defendant's station in Charlotte, said daughter and children and their baggage, which baggage was a valise of ordinary size.

" 3. That, upon the arrival of defendant's train at the station in Concord, and while it was stopped for passengers to get on and off, said station being then and now a regular station for that purpose, none of defendant's servants, agents or employees aided or offered to aid said daughter or children, or either of them, to get on board defendant's train or car, or to put or help to put said baggage thereon ; and thereupon the plaintiff, in the presence and view of the conductor, who was the defendant's agent, servant or employee, and had charge of said train of cars, and after having notified said conductor of his, plaintiff's, intention to aid said daughter and children to get on board of defendant's car with said baggage, and to seat said daughter and children in said car, and, as soon as that was done, of plaintiff's purpose to get off, aided and assisted, with the utmost dispatch and without objection from said conductor or other agent, servant or employee of defendant, said daughter and children to board and enter, with said

baggage, the car in which said daughter and children were entitled to ride and have said baggage; and plaintiff started to leave and get off said car and train without delay and before he had seated said daughter and children; and notwithstanding the hurry and dispatch of plaintiff, of which said conductor had knowledge, and also of his intent to get off, when plaintiff stepped upon the platform of said car for the purpose of getting off said train, and when said conductor knew plaintiff had not gotten off, and had not had time to do so, the defendant wrongfully and negligently caused its said train of cars to be slowly and almost imperceptibly moved forward; and although plaintiff was making reasonable haste to get off said train, and could have done so without difficulty and notwithstanding said motion, just as plaintiff reached the first step of the said platform the defendant negligently and wrongfully caused said car to be given a sudden and violent jerk, thereby, without any fault or negligence on his part, causing plaintiff to lose his equilibrium, and before he could gain the same the motion or speed of said train had become such as to throw the plaintiff, without any fault or negligence on his part, but by the negligence and wrong of the defendant, from said platform step upon the ground, and with such force as to break two bones of or near the ankle of his right leg, from which wound or injury he has suffered and does yet suffer great bodily and mental anguish, and said wound or injury has caused him to become a permanent invalid or cripple, to his damage two thousand dollars. Wherefore plaintiff demands judgment against defendant for two thousand dollars and cost of this action."

The defendant put in an answer, but at the trial moved to dismiss the action upon the ground that the complaint contained only a statement of a defective cause of action.

The motion was sustained, and the plaintiff excepted and appealed from the judgment rendered.

*Mr. W. G. Means,* for plaintiff (appellant).
No counsel *contra.*

AVERY, J. : The court allowed a motion to dismiss on the ground that the complaint contained only a statement of a defective cause of action.   An answer had been filed, which was evidently framed upon the assumption that the plaintiff had properly set forth the material averment that he had been injured by the negligence of the defendant's servants, while on the premises of defendant accompanying a passenger, and therefore entitled to protection against negligence of servants.   *Daniel* v. *Railroad*, 116 N. C. The defendant admits in the answer the contract of carriage, denies the allegation that the injury was caused by its negligence, and sets up by way of defense the plea of contributory negligence.   If it were conceded that the statement of the cause of action was insufficient, such an answer would be held, by way of aider, to have cured any such defect, though the complaint might have been held bad pleading on demurrer.   *Knowles* v. *Railroad*, 102 N. C., 59.   The answer shows that the defendant was not misled, but understood the cause of action to be the alleged injury received by a passenger through the neglect of its servants in charge of the train.   The right to dismiss for defects of this kind grows out of the fundamental principle that a declaration or complaint must be sufficient to put the party sued upon notice of the nature of the claim, so as to enable him to intelligently prepare his defense.   *Garrett* v. *Trotter*, 65 N. C., 430.   But this and other rights, even though guaranteed by the organic law, may be waived by con-

duct inconsistent with the purpose to insist upon their enforcement or by a failure in the manner of asserting them to observe a due regard for the rights of others. *Driller Co.* v. *Worth*, 117 N. C., 515.

The plaintiff has a right to demand a speedy trial upon putting the defendant on notice to prepare to meet his demand. The defendant demonstrates by the pleadings the fact that it understands the nature of the claim which it has the right to controvert. There is, therefore, no reason why either should be surprised or injured by trying the issues raised by the pleadings.

We must not be understood as deciding that the complaint was in fact defective. But it is sufficient for the disposition of this appeal to hold that, conceding its insufficiency, the defect was cured by the answer. The judgment is reversed.