WILLIAM WHITLEY v. SOUTHERN RAILWAY COMPANY.

(Decided April 5, 1898.)

*Action for Damages—Common Carriers—Injury to a Person not a Passenger—Negligence—Question for Jury—Dismissal of Action as on Judgment of Non-Suit—Hinsdale's Act.*

1. In the trial of an action for damages for injuries resulting to the plaintiff through the alleged negligence of the defendant railroad, it appeared that plaintiff, with notice to the conductor of his intention and without objection by the latter, assisted his daughter and her small children to seats on the train and immediately started out but by the time he reached the platform the train had started; that when he stepped on the top step the train gave a sudden jerk which caused him to lose his balance and he had to jump to keep himself from falling, and thereby broke his leg. The daughter's evidence was that, just after the plaintiff left her, the train gave two jerks, one of which was very violent. *Held,* (1) That the plaintiff was not, under the circumstances, a trespasser on the train, but was entitled to protection from the defendant. (2) That the evidence of defendant's negligence was sufficient to take the case to the jury and the action should not have been dismissed at the close of plaintiff's evidence.

2. When, at the close of plaintiff's evidence, a motion is made under chapter 109, Acts of 1897, to dismiss the action as upon judgment of non-suit, which is substantially a demurrer to the evidence, the evidence must be considered in its strongest light for the plaintiff since the jury might take that view of it.

CIVIL ACTION for damages tried before *McIver, J.,* and a jury at January Term, 1898, of CABARRUS Superior Court. The facts appear in the opinion. At the close of the plaintiff's testimony his Honor allowed the defendant's motion to dismiss the action under the Act of 1897, and plaintiff appealed.

*Mr. W. G. Means,* for plaintiff (appellant).
*Messrs. Charles Price* and *G. F. Bason,* for defendant.

FURCHES, J.: The plaintiff resides in Concord, and his daughter, Mrs. Deaton, resides in Charlotte. On the day the matter complained of took place, the plaintiff accompanied Mrs. Deacon, with her three small children to the station in Concord and purchased a ticket for them from that place to Charlotte. When defendant's train arrived at the station the plaintiff, with his daughter and her children, went to the defendant's passenger coach, the plaintiff carrying one of the children and the valise of the daughter; the daughter carrying one of the children and leading the other child. In this manner they approached the steps of the passenger coach of the train going to Charlotte, where they found the defendant's conductor standing. Plaintiff said to him that he wished to help the lady and children on the train and then he would get off. The conductor made no reply to what the plaintiff said, and plaintiff, his daughter and her children got on the train. Plaintiff procured a seat for his daughter about three seats from the door where they entered the coach. When he did this he at once turned back for the purpose of getting off the train and when he got to the door he discovered that the train had commenced to move and when he stepped on the top step the train gave a sudden jerk which caused him to lose his equilibrium and he had to jump to keep from falling. In this way he received the injury complained of—a broken leg.

Mrs. Deaton testified that her father, the plaintiff, left as soon as he got a seat for her and the children and before she sat down; that just after he left her the train gave two jerks, one was very violent.

The plaintiff was not a passenger on defendant's road, but it was contended for him that he was a licensee and under the circumstances entitled to the consideration,

WHITLEY *v.* RAILWAY.

care and protection of the defendant. And we do not understand this to be denied by the defendant though it was contended for the defendant that he was not entitled to the same degree of protection as he would have been had he been a passenger. We do not propose to discuss this question further than to say that, under the circumstances disclosed by the evidence, the plaintiff was not a tresspasser and was entitled to protection from the defendant. It was so held by this court when this case was here before. 119 N. C., 724, citing *Daniel* v. *Railroad*, 117 N. C., 592, besides a number of cases cited in the brief of the plaintiff.

Upon this motion to dismiss under the statute of 1897 (Chapter 109,) which is substantially a demurrer to the evidence, we are bound to take the evidence in the *strongest view it presents for the plaintiff*, as a jury might take that view of the evidence. *Gibbs* v. *Lyon*, 95 N. C., 146; *Bond* v. *Wool*, 107 N. C., 139; *Ice Co.* v. *Railroad*, at this term. Thus considering the evidence, it would seem that the defendant was guilty of negligence. *Deans* v. *Railroad*, 107 N. C., 686. Indeed, the case was argued for the defendant upon the ground that the plaintiff was guilty of *contributory* negligence. This argument necessarily presupposes that the defendant was guilty of *negligence*. The affirmance of the issue of *contributory* negligence is upon the defendant and ordinarily cannot be found by the court. *White* v. *Railroad*, 121 N. C., 484; *Spruill* v. *Ins. Co.*, 120 N. C., 141; *Ice Co.* v. *Railroad, supra.*

The learned counsel who argued the case for the defendant contended that the court, in considering a case like this upon a motion to dismiss under the statute of 1897, should not consider alone the evidence most favorable for the plaintiff, but should consider all the evidence in the case, and see whether it made out a case or

not. This would put upon the court the work of a jury, to weigh and consider the weight of the evidence, in violation of reason and all authority, as we hardly think the counsel can find a single authority for this position in our reports.

In the case of *Ice Co.* v. *Railroad, supra,* it is supposed that there may be an exception to the rule announced in *White* v. *Railroad, supra, Spruill* v. *Ins. Co., supra,* and *Bazemore* v. *Mountain,* 121 N. C., 59. That is, where all the evidence introduced is by the plaintiff, and fair minded men could draw but one conclusion from the evidence, then it would become a question of law for the court. But we do not consider this such a case as that. Indeed, so far as we remember, every point in this case is considered in *Ice Co.* v. *Railroad Co., supra,* and the ruling in that case must govern us in this.

There was error in taking the case from the jury upon the testimony before the court. This is not deciding that the plaintiff was entitled to recover, but that he was entitled to have the jury pass upon his evidence.

New trial.