ROBINSON v. LAMB.

(Filed September 10, 1901.)

1. FERRIES—*County Commissioners—Orders.*

>   An order of the commissioners of a county to lay out a ferry amounts to the establishment thereof.

2. APPEAL—*Vested Right—Ferry.*

>   An order of the commissioners of a county establishing a ferry gives a vested right and is not vacated by an appeal to the Superior Court.

3. STATUTES—*Licenses—Revocation—Vested Rights—Ferries.*

>   Where a statute prohibits the establishment of a ferry within certain limits, it does not affect a license for a ferry already granted.

4. FERRIES—*Dismissal of Petition—Private Laws 1901, Chap. 72.*

>   Where, on motion to dismiss a petition to operate a ferry, the owner of the established ferry failed to show that he had provided ample facilities for the public travel, as required by Chap. 72, Private Laws 1901, the petition should not have been dismissed.

ACTION by C. H. Robinson and others against E. F. Lamb, heard by Judge *O. H. Allen,* at Spring Term, 1901, of CAMDEN County Superior Court. From a judgment for the defendant, the plaintiffs appealed.

*E. F. Aydlett, G. W. Ward* and *P. H. Williams,* for the plaintiffs.
*Busbee & Busbee,* for the defendant.

DOUGLAS, J. This is practically the same case as *Robinson v. Lamb,* reported in 126 N. C., 492, as it relates to the Camden end of the ferry. The principal facts stated in the

former case will equally apply to that at bar.    The main difference is that after the Board of Commissioners of Camden County had made an order establishing the ferry asked by the plaintiff, and pending an appeal to the Superior Court, the General Assembly passed an act, ratified on the 5th day of February, 1901, being Chapter 72 of the Private Laws of 1901, entitled "An act to repeal Chapter 103, Private Laws of 1897." This act is as follows:

"*The General Assembly of North Carolina do enact:*

"Section 1. That Chapter one hundred and three, Private Laws of 1897, entitled 'An act to amend Chapter 27, Private Laws of 1873 and 1874,' be and the same is hereby repealed: *Provided,* the owners of the established ferry shall provide ample facilities for the convenience of public travel.

"Section 2. This act shall be in force from and after its ratification."

The defendant pleaded this act in bar of any further proceeding in the Superior Court, and on his motion the petition of the plaintiff was dismissed.

In such dismissal there was error.    The Act of 1873-'74, which provided that, "No other bridge, boat or ferry *shall be established* within three miles of the one allowed by said act," was amended by the Act of 1897, by striking out the word "three" and inserting the word "two," thus changing the limit of exclusion to two instead of three miles.

While the statute was in this condition, the plaintiff petitioner filed his petition in due form before the Boards of Commissioners of Pasquotank and Camden counties for the establishment of a ferry across Pasquotank River, between said counties. Before the passage of the Act of 1901, the proceedings in Pasquotank County were finally adjudicated by the decision of this Court in *Robinson v. Lamb, supra,* and

the Commissioners of Camden County had made and entered the following order:

"This cause coming on to be heard before the Board of Commissioners of Camden County, on the 5th day of May, 1899, upon the petition of the petitioners to settle, lay out and establish a ferry across Pasquotank River, between the western end of Goat Island, in Camden County, and thence a straight line across Pasquotank River to a point between the north line of William Pailin's Ship Yard and the south line of Main Street, in Elizabeth City, in Pasquotank County, at its nearest point, and it appearing to the board from the examination of the evidence that the said ferry is not within two miles of any other ferry, and it further appearing that the settling, laying out, and establishing of the said ferry prayed for by the petitioners, is necessary for the good and convenience of the public:

"It is therefore ordered, adjudged and decreed by the board that the said ferry prayed for by the petitioners is not within two miles of any other ferry, and that it is necessary for the good and convenience of the public; and it is further ordered by the board that a ferry be settled, laid out and established across Pasquotank River at the points above named, and the same is hereby settled, laid out and established across said Pasquotank River, between the western end of Goat Island, in Camden County, and thence running a straight course across Pasquotank River to a point between the north line of William Pailin's Ship Yard and the south line of Main Street, in Elizabeth City, in Pasquotank County, at its nearest point; and it is further ordered by the board that the petitioners, Chas. H. Robinson, J. B. Flora, W. J. Woodley, Dr. O. McMullan, G. W. Ward, H. T. Greenleaf, J. W. Sharber, D. B. Bradford and John L. Sawyer, and their assigns, be allowed and are hereby allowed and vested with the rights and privileges of building and operating the said ferry; and it is further ordered by the board that the said petitioners aforesaid, Chas. H. Robinson and others,

shall pay all the expenses and cost in establishing and main-
taining the said ferry, and be allowed as a compensation
therefor to charge for passing over the said ferry the sum
of ten cents, and no more,for a cart, buggy, carriage or wagon
going either way.    This the 5th day of May, 1899.

"G. C. BARCO,
*"Chairman Board of Com. of Camden Co., N. C.*

"C. B. GARRETT,
*"Clerk of Board of Com. of Camden Co., N. C."*

This, we think, was in contemplation of law the *establish-
ment* of the ferry.    It has long been settled that when the
County Court ordered the laying out of a public road, such
order amounted to the establishment of the road, and, unless
appealed from, could not thereafter be questioned.    *Anders
v. Anders,* 49 N. C., 243; *Minor v. Harris,* 61 N. C., 322,
325.    We, therefore, have the ferry in question properly
established by lawful authority before the passage of the Act
of 1901.

It is true the proceeding in Camden County was under
appeal to the Superior Court, but such an appeal from a
tribunal of exclusive original jurisdiction did not have the
effect of vacating the original order, which remained in force,
even if suspended in its operation, until reversed or modified
by the Superior Court.    To that extent we think it analo-
gous to the judgment of a Justice of the Peace.    *Dunham v.
Anders,* 128 N. C., 207.

However, we do not mean to say that the plaintiff had ac-
quired such a vested right as was free from legislative inter-
ference.    That question was practically settled in *Robinson
v. Lamb.*    We concede the power of the Legislature to revoke
or limit the plaintiff's franchise; but it does not appear to
us to have done so, either expressly or by implication.    The
repealing Act of 1901 operated as an amendment to the Act
of 1873-'74, and as such amendment, took effect from its
passage only.    Code, sec. 3766.    Neither the amendment

nor the original act contains any provisions which are retro-
spective in their nature.   Speaking as of February 5, 1901,
it says, in substance, that no other ferry shall be *established*
within three miles of Lamb's Ferry; but it does not profess
to revoke or limit any license already granted.   If it had
provided that no such ferry should be "operated or main-
tained" the plaintiff's license might have been revoked by
implication, but no such words appear.   It may be that the
defendant intended to revoke the plaintiff's license when he
introduced his bill, but it is the intent of the law-making
power and not of the draftsman that we must seek; and such
intent must be found in the statute itself.   Upon the face of
the statute we must hold that the Legislature did not intend
to revoke any existing license.

There is another fatal ground of error in the dismissal of
the petition.   The Act of 1901 extended the limit to three
miles upon the express condition that "the owners of the
present ferry (Lamb) shall provide ample facilities for the
convenience of public travel."   In moving to dismiss the
plaintiff's petition, the defendant neither showed nor offered
to show that he had furnished such facilities, in spite of the
fact that he was confronted with a finding of fact to the
contrary by the Board of Commissioners.   Considering the
nature of the proviso and its relation to the essential pur-
poses of the act, we think that a strict compliance therewith
is necessary for the operation of the act.   In other words,
the Act of 1901 does not go into effect until ample facilities
are provided for the public travel.

Conceding, therefore, to the Act of 1901 its fullest possible
operation, and if it be admitted that it revoked by implica-
tion the plaintiff's franchise, it was error in his Honor to
dismiss the petition before it was found as a fact that the
public wants had been fully met   For the reasons herein
stated, a new trial must be ordered.

Error.