## CURTIS v. SOUTHERN RAILWAY COMPANY.

### (Filed June 19, 1902.)

1. NEGLIGENCE—*Contributory Negligence—Last Clear Chance—Issues—Evidence—Opinion on Evidence.*

Where there are three issues submitted, one as to negligence of defendant, one as to contributory negligence of plaintiff, and one as to last clear chance, it is error to charge that the third issue, notwithstanding the negligence of the plaintiff, is the main issue in the case, and the first issue should be answered like the third.

2. NEGLIGENCE—*Last Clear Chance—Issues.*

Where there are three issues submitted, one as to negligence of defendant, one as to contributory negligence of plaintiff, and one as to the last clear chance, it is error to charge that the third issue depends upon and follows the finding upon the first issue.

ACTION by J. L. Curtis against the Southern Railway Company, heard by Judge *M. H. Justice* and a jury, at August Term, 1901, of the Superior Court of BURKE County. From a judgment for the plaintiff, the defendant appealed.

*Avery & Avery,* and *J. T. Perkins,* for the plaintiff.
*Geo. F. Bason,* for the defendant.

DOUGLAS, J. This is an action for the recovery of damages for personal injuries, alleged to have been caused by the negligence of the defendant. There are twenty-two exceptions, but we think that the consideration of two only will be sufficient for the purposes of this opinion.

The issues and answers thereto were as follows: "1. Was plaintiff injured by the negligence of defendant? 'Yes.' 2. Did plaintiff, by his own negligence, contribute to his injury? 'Yes.' 3. Notwithstanding plaintiff's negligence, could defendant, by exercising ordinary care, have prevented

CURTIS *v.* RAILWAY.

the injury? 'Yes.' 4. What damage is plaintiff entitled to recover? '$300.' "

The defendant excepts to the following portion of his Honor's charge: "So far as I can see, the third issue, notwithstanding the negligence of the plaintiff, could the defendant, by ordinary care, have prevented the injury, is the *main issue in this case,* and the first issue will be answered as you answer the third issue." We think this instruction was erroneous in a double aspect. In the first place, it seems to us a clear intimation of the opinion of the Court that the defendant was guilty of negligence, since, if the first issue were answered in the negative, the third issue would never be reached. That would end the case. If the defendant is not primarily negligent, the issue of contributory negligence is immaterial, and the doctrine of the last clear chance is eliminated. It was, therefore, erroneous as a principle of law.

This Court has said in *Cox v. Railroad,* 123 N. C., 604, 610: "Had the question not been again presented by counsel, it would almost seem needless to repeat what we have so often said, that the burden of proving negligence rests upon the plaintiff, while the onus of showing contributory negligence rests upon the defendant. In both cases this must be shown by the greater weight of the evidence, and of this relative weight the jury alone can determine. A negative presumption necessarily accompanies the burden, and remains until the burden is lifted or shifted by direct admissions or a preponderance of proof. Each issue bears its own burden, and it rarely happens that the burden of all the issues rests upon the same party. In cases of negligence like the present, it changes with each successive step, it being necessary for the plaintiff to prove the negligence of the defendant; the defendant, the contributory negligence of the plaintiff; and again, for the plaintiff to show the last clear chance of the defendant, if that issue becomes material. Each of these

issues depends upon the one preceding. The plaintiff must first prove that he was injured by the negligence of the defendant. If he fails to prove it, that is an end of the case, and the defendant is not then required to prove contributory negligence. Properly speaking, there is no contributory negligence unless there is negligence on the part of the defendant.

"This distinction is important as affecting the burden of proof and the consequent direction of a verdict. If the negligence by which the plaintiff is injured is entirely his own, as in Mesic's case, where, instead of the train running into the horse, the horse ran into the train, then there is no evidence to go to the jury on the first issue, and the question of contributory negligence becomes immaterial."

It will thus be seen that the question of the last clear chance is in the nature of a relative or secondary issue. If it is found that the defendant has not been negligent, that ends the case in favor of the defendant, and no other issues are necessary or material. If it is found that the defendant's negligence caused the injury, and that plaintiff was not guilty of contributory negligence, then the only material issue remaining is that of damages. If it is found that the negligence of the defendant caused the injury, and that the negligence of the plaintiff contributed thereto, then, and then only, the issue as to the last clear chance becomes material.

Considering the above as the three first issues, it is never proper for the Court to charge the jury that they must find the first and third issues the same way. The third issue should not be considered until after the first issue is found in the affirmative; and yet such a finding as to the first does not by any means presume an affirmative finding as to the third.

The defendant further excepted to the following portion of his Honor's charge: "This is a question of negligence, and is a question of fact for you. Now take this testimony,

and if the plaintiff has satisfied you that the railroad company failed to exercise due and ordinary care, as I have explained it to you, then you will answer the first issue and third issue 'Yes.' " In this there is error, not only because it again confuses the issues, but also because it makes the third issue, as to the last clear chance, depend upon the simple negligence of the defendant. Even if the defendant is negligent, it is not liable unless such negligence was the cause of the plaintiff's injury. It is not liable, then, if the plaintiff is guilty of contributory negligence, unless the last clear chance to avoid the injury rested with the defendant. *Edwards v. Railroad,* 129 N. C., 78.

For these reasons we think the defendant is entitled to a new trial.

Among the defendant's assignments of error is the following: "To the giving of the instructions prayed for by plaintiff, as covered by defendant's exceptions 14 to 18, inclusive." We can not find any such exceptions in the record, and in fact it does not appear which, if any, of the nine instructions asked by the plaintiff were given by the Court. Therefore, we will not discuss the novel and difficult questions therein involved, and will only say that, as to the use of air-brakes and other safety appliances, we are not yet prepared to hold a railroad company to the same degree of responsibility to a trespasser as to a passenger or employee. What is its measure of duty under such circumstances must await determination until properly presented.

New Trial.