ROBINSON v. LAMB.

(Filed November 5, 1902.)

1. FERRIES—*County Commissioners—Jurisdiction—The Code, Sec. 2014.*

Where a river lies wholly within a county, the county commissioners of an adjoining county have no jurisdiction to establish a ferry across such river.

2. COUNTIES—*Boundaries—Questions for Court—Judicial Notice.*

Where a certain river is made by the legislature a boundary of a county, the court will take judicial notice that a "cut-off" of the river is not a part of the boundary.

3. COUNTIES—*Boundaries—Waters and Water-courses—2 Revised Statutes, 111.*

Where an act creating Camden County, describes it as all that part of Pasquotank County lying on the northeast side of Pasquotank River, the whole of said river is in Pasquotank County.

Action by C. H. Robinson and others against E. F. Lamb, heard by Judge *Geo. A. Jones* and a jury, at Spring Term, 1902, of the Superior Court of Camden County. From a judgment for the plaintiffs, the defendant appealed.

*G. W. Wood, E. F. Aydlett,* and *P. H. Williams,* for the plaintiffs.
*Busbee & Busbee,* for the defendants.

Clark, J.    This is a proceeding begun before the Commissioners of Camden County to establish a ferry across Pasquotank River.    The same proceeding to establish the same ferry at the same spot, with the same parties-plaintiff (except one person), and the same defendant, was heretofore begun before the Commissioners of Pasquotank County, and the same propositions of law presented by the exceptions in this case were decided in that, on appeal. *Robinson v. Lamb,* 126 N. C., 492.    The judgment in the former action is pleaded by the plaintiffs as an estoppel in this, since no other relief is asked than the establishment of the ferry, at the expense of the plaintiffs, as prayed in the former action.    But if the Commissioners of Camden could give any relief not already given by the Commissioners of Pasquotank, the judgment would not be an estoppel, though the principles of law there laid down would apply and be conclusive here.

An appeal in the present action was before the Court, *Robinson v. Lamb,* 129 N. C., 16, in which it is held that the Court below erred in granting a motion to dismiss because of Acts (Private) 1901, Chap. 72.    When the case went back, the issues were found in favor of the plaintiffs, and the law applicable having already been adjudged in favor of the plaintiffs in the two appeals above cited, judgment was rendered accordingly, and defendant appealed.

The defendant contends that Stinking Gut is Pasquotank

ROBINSON *v.* LAMB.

ROBINSON
vs
LAMB

A. Lamb's Ferry.
B - Knobb's Creek Bridge.
C - Goat Island.
D - Morrisetts.
F - Proposed Road.
G - Lamb's Road.
E - Stinking Gut

River, or a part of it, and that a ferry over it would be illegal, because over Pasquotank River within two miles of Lamb's ferry, but we can not assent to the proposition. This gut, with its malodorous name, is stated to be 80 to 100 feet wide, and 150 yards in length. It is a "cut-off," seven or eight feet deep, through which boats sometimes pass, while what is, and always has been, known as Pasquotank River is very much larger, being 150 yards wide, and with a great curve sweeps by Elizabeth City where the new ferry is, and then bends back, the peninsula thus formed, and whose neck is crossed by Stinking Gut, being known as Goat Island. It is, by the evidence, some 500 yards across Goat Island from the new ferry to where the road will cross Stinking Gut. Even geographically speaking, it is clear that the broad stream which flows by the town is Pasquotank River, and the "gut," which is one-fifth of the width of the river or less, is merely a "cut-off," like the Dutch Gap Canal, dug by General Butler in James River during the war, or like similar "cut-offs" excavated not infrequently by floods in the Mississippi.

But even if it could be shown that Stinking Gut was physically the true river, and the broader stream (five times as broad) that flows by Elizabeth City was the subsidiary stream, still the latter has always been known as Pasquotank River, and this is the stream over which the ferry was ordered, and which, for the century and a quarter since the act establishing Camden County, has been the county boundary. In all that time, Goat Island, as is conceded and can not be denied, has been in Camden County. If Stinking Gut were Pasquotank River, or, legally speaking, a part of it, then Goat Island would be in Pasquotank County. It is physically and legally impossible that Pasquotank River, as it flows around Goat Island, and Stinking Gut, which cuts across its narrow neck, should both be the boundary between the counties, as defendant contends. The Pasquotank River is the boundary

between the counties, and has been since 1777. When the legislation under which the defendant claims was enacted, this river was the stream that flows by Elizabeth City. It could not be at two places. There has been no legislation as to Stinking Gut.

The establishment of a road from the eastern end of the ferry and a bridge or ferry across Stinking Gut are matters for the cognizance of the Commissioners of Camden, since, as we have said, Stinking Gut is Stinking Gut and is in Camden County, and is not Pasquotank River, which lies wholly in the county of that name. A ferry or bridge over Stinking Gut is not a ferry or bridge over Pasquotank River. If it could be shown and demonstrated that Stinking Gut is the scientific boundary, being the true Pasquotank River, it has not been so known, styled and treated, and hence is not in law any part of that stream, though it flows into and flows out of the Pasquotank. An act of the Legislature would be necessary to make the change in the boundary and in the name of the stream.

Doubtless the citizens of the prosperous and progressive city by the Pasquotank will some day procure an act of the Legislature to bestow some name more euphonious and sweet smelling upon a stream which lies so close to their doors as malodorous Stinking Gut. But no change of name, not even were that of Pasquotank River bestowed upon it, would transfer the county boundary to the "cut-off," unless the act clearly so indicated. Certainly, neither the Court nor the jury could change a county boundary, recognized as such for a century and a quarter, upon the ground that another stream, bearing another name, is the scientific frontier, upon the ground that it is physically the true Pasquotank, or a part of it, and that what has been known as Pasquotank River all these years is physically not entitled to be solely so designated. An issue to that effect was properly refused, for upon the facts admit-

ted, or of which the Court takes judicial notice (like a county boundary), the proposition is one of law, not of fact. The defendant moved in this Court for the first time to dismiss for want of jurisdiction, in that Pasquotank River lies wholly in Pasquotank County, and the Commissioners of that county alone have jurisdiction. The Code, Sec. 2014. The Act of 1777 (2 Rev. Stats., 111), creating Camden County, describes it as "all that part of Pasquotank County lying on the northeast side of said river (Pasquotank)." This, of course, leaves the river entirely in Pasquotank County, and the Commissioners of that county have sole jurisdiction to establish a ferry over it, and the defendant's motion to dismiss this proceeding for want of jurisdiction in the Commissioners of Camden County is well taken and must be allowed.

But as the ferry has already been established by the Commissioners of Pasquotank, and their action affirmed (126 N. C., 492), and it has been held that the Act (Private) of 1901, does not affect a ferry already ordered to be established (129 N. C., 16), though the motion of the defendant must be granted, we do not see that it can in anywise avail him beyond a recovery of the costs in this case.

Action Dismissed.