MONTGOMERY, J., dissenting.
The defendant made the usual motion for nonsuit, which was properly refused. There was testimony tending to support the contentions of the plaintiff, and while there was equally as strong or stronger testimony for the defense, we must abide by the verdict of the jury, who alone can determine the weight and credibility of the evidence.
The defendant's first, second, and third exceptions as to the admission of testimony cannot be sustained. As they are not even alluded to in the defendant's brief, it would seem unnecessary to further discuss them. Neither does the brief allude to the fourth and sixth exceptions, which *Page 400 
are equally untenable; but as the fourth exception is to a certain extent involved in the fifth, upon which the defendant seems to rely, we will discuss them together.
(568) The fourth exception is to the following charge of his Honor: "If you shall find as a fact from the evidence, and by the greater weight thereof, that the plaintiff was a passenger, then you will consider the issue as to whether he was injured by the negligence of the defendant; and if you shall find as a fact from the evidence, and by the greater weight thereof, that after the plaintiff had paid his fare to Indian Trail the train ran past his station, and the conductor promised to slow up at Matthews and let him off and that he would take him up on his return trip and let him off at his station, and that while passing Matthews, the train not moving faster than a fast walk, and the danger not being apparent to a reasonable man, and being told by the conductor — that is, if you will find as a fact from the evidence and by the greater weight thereof that the conductor did motion to him or tell him to get off — and you further find as a fact from the evidence that the danger was not apparent to a reasonable man, you will respond `Yes' to the first issue."
The fifth exception is directed to the following part of his Honor's charge: "In passing on the second issue as to contributory negligence the burden is still on the plaintiff to satisfy you by the greater weight of the evidence that at the time he got off the moving train the danger was not apparent to a careful, prudent man; and if he has so satisfied you, you will respond `No' to the second issue; if he has failed to so satisfy you, you will respond `Yes,' and will not consider the issue as to damages."
The nature of the defendant's fifth exception, the only one alluded to in his brief, is thus stated: "The appellant's fifth exception should be sustained for failure of the court to instruct the jury, in passing on the second issue as to contributory negligence in addition to the charge as given on that issue, that it was necessary for them to find as a fact that the conductor promised to slow up at Matthews and let the plaintiff (569) off, and that the conductor did motion to him or tell him to get off at Matthews."
This exception cannot be sustained. It does not appear that the defendant asked for any additional instructions. In any event, we think the instruction was sufficient in view of what was said in the preceding charge on the first issue. His Honor charged the jury in effect that before they could find the defendant guilty of negligence they must find that the train was not moving faster than a fast walk, that the conductor motioned to, or told the plaintiff to get off, and that the danger was not apparent to a reasonable man. Having found the defendant guilty of negligence, under the above instructions they must have found these *Page 401 
facts. If these facts were already found by the jury before they came to the consideration of the second issue, such facts were evidently still in their minds.
It is contended that some parts of this instruction pertained more properly to the issue of contributory negligence, but admitting this to be true, they operated more strongly against the plaintiff when given on the first issue than on the second, since the finding against him on the first issue would end his case. The issue of contributory negligence is not an independent issue in the sense of complete isolation, and can never arise until after the first issue is found in favor of the plaintiff. The first essential requisite for recovery is the negligence of the defendant, and until that is found the negligence of the plaintiff is utterly immaterial. The nature and relative connection of these issues is discussed in Cox v.R. R., 123 N.C. 604; Edwards v. R. R., 129 N.C. 78, and Curtis v. R.R., 130 N.C. 437.
If the facts stated in the complaint were true, and they have been so found by the jury, we see no substantial difference between this case and that of Davis v. R. R., ante, 291. See, also, Whitley v. R. R.,122 N.C. 987; Hodges v. R. R., 120 N.C. 555; Cable v. R. R., 122 (570) N.C. 982; Johnson v. R. R., 130 N.C. 488. In R. R. v. Egeland,163 U.S. 93, where the plaintiff below, a laborer in the employ of the defendant, was ordered by the conductor to jump off a train going about four miles an hour, and was injured in doing so, the Court says: "If plaintiff reasonably thought he could with safety obey the order, by taking care and jumping carefully, and if because of the order he did jump, the jury ought to be at liberty to say whether under such circumstances he was or was not guilty of negligence."
The judgment is
Affirmed.