BUTTS v. ATLANTIC AND NORTH CAROLINA RAILROAD CO.

(Filed September 29, 1903.)

1. EVIDENCE — *Sufficiency of Evidence—Negligence—Nonsuit—Crossings.*

The failure of an engineer to ring the bell or sound the whistle on approaching a crossing is some *evidence* of negligence.

2. EVIDENCE—*Negligence—Railroads.*

That a person listening at a crossing fails to hear the ringing of the train bell or the sounding of the whistle is some evidence that neither was done.

3. NEGLIGENCE—*Proximate Cause.*

An instruction which makes the liability of the defendant depend on its negligence, without regard to whether such negligence was the proximate cause of the injury, is erroneous.

ACTION by Z. V. Butts against the Atlantic and North Carolina Railroad Company, heard by Judge *G. S. Ferguson* and a jury, at February Term, 1903, of the Superior Court of CRAVEN County. From a judgment for the plaintiff the defendant appealed.

*L. J. Moore* and *D. L. Ward,* for the plaintiff.
*W. C. Munroe* and *Simmons & Ward,* for the defendant.

DOUGLAS, J. This is an action to recover damages for personal injuries received by the plaintiff, who was struck by a train operated by the defendant and thrown from his wagon. There was testimony tending to prove that the plaintiff was traveling along a public highway within the corporate limits of the city of New Bern, where the highway crossed the track at an acute angle, both the plaintiff and the train going in the same relative direction; that no signal for the crossing was given, either by bell or whistle; that the plaintiff stopped, looked and listened and heard nothing. In view of this evidence, both the defendant's motion to non-suit was properly refused, as were also the prayers for the direction of the verdict. There was conflicting evidence, but any such conflict must be reconciled or determined by the jury alone, the constitutional triers of fact. All that this Court can say is that, taking the evidence of the plaintiff as true, and construing all the evidence in the light most favorable to the plaintiff, there was more than a scintilla of evidence tending to prove his contention. *Printing Co. v. Raleigh,* 126 N. C., 516; *Mfg. Co. v. Railroad,* 128, N. C., 280; 83 Am. St. Rep., 675; *Boggan v. Railroad Co.,* 129 N. C., 154; 55 L. R. A., 418; *Gordon v. Railroad,* 132 N. C., 565.

It is well settled by the repeated adjudications of this Court that the "failure of an engineer in charge of a locomotive to ring the bell or sound the whistle on approaching the crossing of a public highway, or a point where the public have been habitually permitted to cross," is at least *evidence* of negligence. *Hinkle v. Railroad Co.,* 109 N. C., 472; 26 Am. St. Rep., 581; *Russell v. R. Co.,* 118 N. C., 1098; *Fulp v. R. Co.,* 120 N. C., 525; *Norton v. Railroad,* 122 N. C., 910; *Powell v. Railroad,* 125 N. C., 370; *Edwards v. Railroad,*

132 N. C., 99. The engineer is not obliged to do both, but must do one or the other, as circumstances may require. For instance, in going through a city at a slow rate of speed, it would be sufficient to ring the bell, especially if blowing the whistle were forbidden by ordinance. On the contrary, in running through the country at a high rate of speed, where the ringing of the bell could not be heard at a sufficient distance to be of any practical benefit, ordinary prudence would seem to require the whistle to be blown. The object of the law is not to impose unnecessary burdens upon the engineer, but simply to require such notice of the approaching train as will enable travelers upon the public highway to cross the track in reasonable safety—certainly without unnecessary danger.

In *Edwards v. Railroad,* 129 N. C., 78, this Court has said: "We think that the testimony of a witness that he did not hear either the whistle or the bell, although in a position where he might reasonably have heard either, is sufficient evidence for the consideration of the jury. It *tends* to prove that neither the whistle nor the bell were sounded; but whether it *does* prove it, is for them alone to decide." In the present instance the jury might well have inferred that a warning, intended exclusively for those crossing the track, would, if given, have been heard by one listening for it at the crossing. When the law requires a party to prove a negative, it must of necessity permit him to prove it by negative testimony.

His Honor charged the jury among other things as follows: "If you find that the defendant sounded the whistle and had the bell rung, and had the headlight lighted up, all for a reasonable distance before reaching the crossing, you should answer the first issue 'No.' (But the evidence shows that the plaintiff was injured in a collision with the defendant's locomotive, and if you find that the defendant did not give the signals or any of them, you should answer the first issue 'Yes.')" The defendant excepted to so much of the

above charge as is enclosed in parentheses. We think this exception should be sustained, inasmuch as his Honor made the liability of the defendant to depend entirely upon its negligence, regardless of the fact whether such negligence was the proximate cause of the injury. In the case at bar the first issue was as follows: "Did the defendant negligently and carelessly run its engine against plaintiff and injure him as alleged in the complaint?" This question has been directly decided in *Edwards v. Railroad,* 129 N. C., 79, where this Court says, on page 81: "His Honor had previously charged as follows: 'If the jury find that the defendant's train approached the crossing in question without sounding the whistle and without ringing the bell, and struck and killed the plaintiff's intestate, then the jury are instructed that the defendant was guilty of negligence and you will answer the first issue "Yes." ' This instruction was erroneous, because, the killing being admitted, it made the answer to the first issue depend entirely upon the failure to sound the whistle or ring the bell. If the issue had been simply as to the negligence of the defendant, this instruction would have been correct, but such was not the issue. It was as follows: 'Was the plaintiff's intestate killed by the negligence of the defendant?' This issue involved two propositions: first, the existence of such negligence; and, secondly, its relation to the injury. The negligence of the defendant, no matter how great, would not of itself have rendered it liable in damages unless it had contributed to the death of the plaintiff's intestate; while, on the other hand, the mere killing would not have been actionable unless caused by some unlawful act or the negligence or wilful omission of some legal duty on the part of the defendant." See also *Curtis v. Railroad,* 130 N. C., 437.

For this error in the charge there must be a

New trial.